Samuel M. Gold, J.
The motions now before the court present for determination the propriety of variances of the use district regulations and the Multiple Dwelling Law granted by the Board of Standards and Appeals, under section 21 of the Zoning Resolution and under subdivision 2 of section 310 of the Multiple Dwelling Law, “ on the grounds of practical difficulty and unnecessary hardship ’ ’,
The variances permit the erection of a building of a greater height than that permitted by the regulations and without the setbacks required by subdivision 10 of section 26 of the Multiple Dwelling Law.
The resolution adopted by the board, permitting a variance as to height, stated that it would be a “ great hardship if the proposed extension could not be erected to the same height as the existing building ” (owned by the applicant for a variance, on adjoining land) and that “ an independent structure on this frontage of 50 feet would be completely impractical and uneconomical; that the plot can only be utilized as an extension to the existing structure and forming part of same”.
The resolution adopted by the board permitting the omission of setbacks merely stated that the board found “practical difficulty and unnecessary hardship The return filed by the board does not contain any elaboration of these statements as to alleged practical difficulty and hardship.
There is no evidence whatsoever in the record or the return to support the board’s conclusion that the erection of an independent structure on a plot with a frontage of 50 feet 1% inches and a depth of 87% feet would be impractical or uneconomical and that the plot can only be used as an extension to the applicant’s existing structure.
The instant case is very similar to Matter of Ryback v. Murdock (1 A D 2d 132) where a finding of hardship because “ [i]t will not be possible to rent the store in question to a choice tenant unless the store has greater depth ’ ’ was held to be insufficient because of lack of evidence to justify that conclusion of the Board of Standards and Appeals.
To justify a finding of hardship, it is not enough that the property may not be put to its most profitable use unless a variance is granted. Such a finding requires proof that the applicant’s property suffers a singular and particular disadvantage, through the operation of the Zoning Resolution, which *336 is not common to the other properties in the district (Matter of Ryback v. Murdock, supra; article of Ralph W. Crolly, ed. p., N. Y. L. J., Dec. 15, 1953).
There is nothing before the court to substantiate a finding that the zoning regulations and Multiple Dwelling Law impose a special disadvantage or hardship upon the applicant’s plot of 50 feet by 87% feet, which is not likewise borne by the other properties in the use district.
The fact that adjoining properties will not be deprived of light, air or ventilation as the result of the granting of a severance does not justify a finding of hardship, without which finding no variance may be granted. It was so held in Matter of Ryback v. Murdock (supra).
The determinations of the Board of Standards and Appeals are annulled and the matter remitted to the board for further proceedings not inconsistent with this opinion. The motions to vacate the order of certiorari and to dismiss the petition are denied.